## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:24-cr-00260-APM |
| ) | |
| BRANDON HEFFNER ) | |
| ) | |
| *Defendant* ) | |
| _____ ) | |

## <u>MOTION TO DISMISS THE INDICTMENT</u>

Defendant, BRANDON HEFFNER, by and through undersigned counsel, and pursuant to Fed.R.Crim.P. 12(b)(3)(B), hereby moves this Honorable Court for its Order dismissing Counts One through Five of the Indictment. In support thereof, Defendant states:

1. On November 23, 2023, the Government provided notice of a sealed criminal complaint and communicated with defense counsel to arrange his surrender.

2. On or about May 29, 2024, the Grand Jury returned an Indictment against Defendant Heffner, charging him in Count 1: 18 U.S.C. Section 231(a)(3), Civil Disorder; Count 2: 18 U.S.C. Section 1752(a)(1), Entering and Remaining in a Restricted Building or Grounds; Count 3: 18 U.S.C. Section 1752(a)(2), Disorderly and Disruptive Conduct in a Restrictive Building or Grounds; Count 4: 18 U.S.C. Section 5104(e)(2)(D), Disorderly Conduct in a Capitol Building; and, Count 5, 40 U.S.C. Section 5104(e)(2)(E), Impeding Passage Through the Capitol Grounds or Buildings.

2. Specifically, Count One alleges:

On or about January 6, 2021, within the District of Columbia and

> elsewhere, Bradley Brandon Heffner attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, by entering and remaining in the United States Capitol without authority committing an act of civil disorder and engaging in disorderly and disruptive conduct.

3. For the reasons set forth in the incorporated Memorandum of Law, each count of the Indictment fails to state an offense, as it fails to allege that Defendant the defendant obstructed, influenced or impeded fails to allege Defendant took some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding; and assuming the proceeding before Congress referenced in the Indictment was the certification of the Electoral College vote count for the 2020 Presidential Election, such proceeding is not an "official proceeding" under 18 U.S.C. §1515(a)(1)(B). Furthermore, the Indictment is "vague" rendering it unconstitutional.

WHEREFORE, Heffner respectfully requests this Honorable Court enter its Order dismissing the Indictment in its entirety.

## MEMORANDUM OF LAW

## I.    LEGAL STANDARD

A Defendant may move to dismiss an Indictment on the grounds that it fails to state an offense. *See* Fed.R.Crim.P. 12(b)(3)(B)(v). In ruling upon a motion to dismiss, "the Court is bound to accept the facts stated in the indictment as true." *United States v. Syring*, 522 F.2d. 125, 128 (D.D.C. 2007); *United States v. Sampson*, 371 U.S. 75, 78 (1962). However, the Court cannot consider facts beyond the four corners of the indictment. *United States v. Ring*, 628 F.2d. 195, 204 (D.D.C. 2009) (internal quotation omitted); *United States v. Sargent*, 2022 WL 1124817 at *2 (stating court is limited to reviewing the *face* of the indictment).

A factually sufficient indictment is intended to protect certain core constitutional rights,

the first of which is Notice. The Sixth Amendment to the Constitution of the United States

provides: "[i]n all criminal prosecutions, the accused shall enjoy the right … to be informed of

the nature and cause of the accusation…." U.S. Const. amend. VI; *see also* Fed.R.Crim.P. 7(c)(1)

(requiring a criminal indictment "be a plain, concise, and definite written statement of the

essential facts constituting the offense charged"). Thus, an "indictment's main purpose is to

inform the defendant of the nature of the accusation against him." *United States v. Hitt*, 249 F.3d

1010, 1016 (D.C. Cir. 2001) (internal quotation marks and citation omitted).

A factually sufficient indictment ensures rights guaranteed by the Fifth Amendment, *to*

*wit:* to ensure a criminal defendant is only prosecuted for offenses that a grand jury has actually

passed upon and that a defendant convicted of such charge cannot be prosecuted again for that

same offense. *See, Stirone v. United States*, 361 U.S. 212, 218 (1960) (explaining that the Grand

Jury Clause of the Fifth Amendment "limit[s] [a defendant's] jeopardy to offenses charged by a

group of his fellow citizens acting independently); *Puerto Rice v. Sanchez Valle*, 579 U.S. 59, 62

(2016) ("The Double Jeopardy Clause of the Fifth Amendment prohibits more than one

prosecution for the 'same offence.'"); *United States v. Hillie*, 727 F.Supp.3d 57, 70 (D.D.C.

2017).

**II.    THE INDICTMENT FAILS FOR "VAGUENESS" AND LACK OF NOTICE**
**TO ALLOW MR. HEFFNER TO PREPARE A DEFENSE**

Mr. Heffner has been indicted on five counts of crimes occurring during the "J6"

incident. This Memorandum addresses each count individually and collectively since the defense

asserts that the Indictment fails constitutional muster because it does not inform Mr. Heffner of

the nature of the accusations against him. *Hitt*, 106.

In, Count One, Mr. Heffner is charged with "committing or attempting to commit and act

to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in a

performance of his or her official duties incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affects commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function," 18 U.S.C. Section 231(a)(3) (Civil Disorder).

Count Two of the Indictment charges Mr. Heffner with Civil Disorder," in violation of 18 U.S.C. §1752(a)(1) and states that on January 6, 2021, in the District of Columbia, Mr. Heffner did "knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned—off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, without lawful authority to do so."

Count Three of the Indictment charges Mr. Heffner with "Civil Disorder," in violation of 18 U.S.C. §1752(a)(2) and states that on January 6, 2021, in the District of Columbia, Mr. Heffner did "knowingly and with intent to impede and disrupt the orderly conduct of Government's business and official functions, engage in disorderly and disruptive in and within such proximity to, a restrictive building and grounds, that is, any posted, or cordoned-off, and otherwise restricted temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions."

Count Four of the Indictment charges Mr. Heffner with "Disorderly Conduct in a Capitol Building, in violation of Title 40, United States Code, Section 5104(e)(2)(D), alleging that he willfully and knowingly engaged in disorderly and disruptive conduct within the United States Capitol Grounds and in any of the Capitol Buildings with intent to impede, disrupt, and disturb the orderly conduct of a session of Congress and either House of Congress, and the orderly conduct in that building of a hearing before or any deliberation of, a committee of Congress or

4

either House of Congress.

Count Five of the Indictment charges Mr. Heffner with "Disorderly Conduct in a Capitol Building, in violation of Title 40, United States Code, Section 5104(e)(2)(D), alleging that he willfully and knowingly engaged in disorderly and disruptive conduct within the United States Capitol Grounds and in any of the Capitol Buildings

## III     ARGUMENT TO DISMISS ALL COUNTS

Mr. Heffner is charged with "committing or attempting to commit and act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in a performance of his or her official duties incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affects commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function," 18 U.S.C. Section 231(a)(3) (Civil Disorder).

Section 231 is a very specific statute aimed at criminalizing those who oppose and resist law enforcement officers during civil disorder. Notwithstanding, the legislative history and plain language of 231, supports Mr. Heffner's argument that the government fails to comply with the statutory requirements/elements of the statute and the plain language, resulting in insufficient notice for Mr. Heffner to prepare a defense.

…(a) The Government violates the Due Process Clause when it takes away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. *Kolender* v. *Lawson*, 461 U. S. 352 –358.

The definition and elements of 18 U.S.C. Section 1752(c)(1) state that the "term restricted buildings or grounds', means any posted, cordoned-off, or otherwise restricted area…"

The language of the statute and both provisions are vague because the term "restricted area" or "otherwise restricted area" 'fails to give ordinary people fair notice of the conduct it punishes, it is standardless that it invites "arbitrary" enforcement. See, *Johnson v. United States,* 576 U.S. 591, 595 (2015). See. Document 23, ECF No. 1 p. 3 at docket Case No. 1:24-cr-00260-APM**.**

The *Kolender* and *Johnson* opinions and holdings apply in this instance, Mr. Heffner's Indictment is constructed with vague provisions that cannot be found constitutional merely because the defendant is accused of conduct that may fall within the definition of the statute. *Id.*

Mr. Heffner's Indictment suffer(s) from the same infirmities as the indictments in *Russell*. As discussed *infra*, not every function of Congress is an "official proceeding." Without setting forth what specific proceeding is alleged to have been obstructed, influenced, and impeded, there are insufficient factual allegations to apprise Defendant whether the Congressional activity at issue is an "official proceeding," or even what proceeding was taking place.[1] Count One as insufficient to set forth what "proceeding before Congress" was taking place that Defendant is alleged to have obstructed, influenced and impeded, it renders each count insufficient as they all criminalize the interference with an "official proceeding."

But the analysis doesn't just stop with Count One, Mr. Heffner is not sufficiently apprised of what he must defend in this case. There is a commonality of terms, all vague, in each of the counts. Though not all share the following terms the language of these statues includes: "obstruction, impeding, interfering, disruptive conduct and official business. These terms cannot meld into one another thus becoming ambiguous to the finder of fact if the defendant proceeds to trial. So how does Mr. Heffner prepare his defense when there is a commonality of terms

---

[1] Whether or not the defendant's general knowledge of events taking place was understood, it does not absolve the Government from its obligation to set forth "essential facts constituting the offense charged." Fed.R.Cim.P. 7(c)(1).

throughout the counts that are not specific to what he is alleged to have done? The short answer is that the lack of notice precludes Mr. Heffner from preparing for trial.

Moreover, *Russell*, holds that the absence of allegations setting forth the "proceeding before Congress" which was taking place so as to bring it within the ambit of an "official proceedings" resulted in a "cryptic form of indictment … with the chief issue undefined." *Russell v. United States*, 369 U.S. 749, 764, at 766 (1962).

"[A]n Indictment is sufficient to stand constitutional muster if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend; second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).

While it is generally sufficient for an indictment to charge an offense by tracking the language of the statute, *id.*, where, however, "guilt depends so crucially upon such a specific identification of fact … an indictment must do more than simply repeat the language of a criminal statute." *Russell v. United States*, 369 U.S. 749, 764 (1962); *see also United States v. Carll*, 105 U.S. 611, 612 (1881) ("finding "it is not sufficient to set forth the offence in the words of the statute, unless those words of themselves fully, directly, and expressly, without any certainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished"). Therefore, [t]he operative question "is whether the allegation [in the indictment], if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *United States v. Bowdin*, 770 F.Supp. 2d 142, 146 (D.D.C. 2011).

The Indictment's failure to allege the proceeding before Congress that Defendant is to have obstructed, influenced, and impeded. Moreover, the Indictment's failure to advise Mr. Heffner where he is alleged to have committed these act renders the indictment defective.

In *Russell*, 369 U.S. at 750, the Court found that the indictments at issue failed to sufficiently apprise the defendants of what they must be prepared to meet. *Id.* at 764. The Court found: "the very core of criminality under [2 U.S.C. §192] is pertinency to the subject under inquiry—thus the Court held, that the "cryptic form of an indictment in cases requires the defendant to go to trial with the chief issue undefined." *Id.* at 766. As a result, the Court reversed the convictions, holding that an indictment must state the congressional committee inquiry as found by the grand jury. *Id.* at 771. *See also Hillie*, 227 F.Supp.3d at 71 (holding indictment in child pornography case failed to contain sufficient facts describing defendant's conduct to provide him with adequate notice of the charges he must defend, satisfy defendant's Fifth and Sixth Amendment's right to be tried only upon charges found by a grand jury and enable him to assert double jeopardy in the face of a successive of prosecution).

A.   Courts Must Exercise Restraint, Consider Notice and Mr. Heffner's Constitutional Rights in Interpreting the Scope of a Criminal Statute and Indictment.

Challenges to the scope of a criminal statute traditionally require a court to exercise restraint in assessing the reach of the statute. *See United States v. Aguilar*, 515 U.S. 593, 600 (1995). This is so "both out of deference to the prerogatives of Congress and out of concern that 'a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed.'" *Id.* (citations omitted); *see also Marinello v. United States*, 138 S.Ct. 1101, 1108 (2018); *Arthur Anderson, LLP v. United States*, 544 U.S. 696, 703 (2005). Concomitantly, the "rule of lenity" applies to resolve ambiguities in a criminal statute in favor of a defendant; however, the rule applies only when ambiguity remains after exhausting the traditional canons of statutory construction. *See Shular v. United States*, 140 S.Ct. 779, 787 (2020). See also, *Fischer v. United States*, holding the plain language of the statute and ambiguity must be considered in determining the validity of a conviction.

B.     The Text of the Statute is Ambiguous as to the Charged Criminal Conduct
       Resulting in a Defective Unconstitutional Indictment.

The starting point in statutory construction is to review the text of the statute itself. *See
Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980); *Southern
California Edison Co. v. F.E.R.C.*, 195 F.3d 17, 23 (D.C. Cir. 1999). However, if the plain
language of the statute does not answer the question, the Court must resort to employing other
tools of statutory construction to determine the statute's meaning. *See American Coal Co. v.
Federal Mine Safety and Health Review Com'n*, 796 F.3d 18, 27 (D.C. Cir. 2015) (finding that
because term "fire" was susceptible to multiple plausible interpretations, term was ambiguous
and required further analysis.)

Concededly, Mr. Heffner's acts were specifically detailed in the affidavit of probable
cause, a document which had to be viewed, read or used during the grand jury process. The
Government had the specificity required to Indict Mr. Heffner based on what is included in the
affidavit of probable cause. *See* ECF No. 1 at docket 1:23-mj-00320**.** Yet that specificity and
defined acts are not written in the Indictment. The Indictment itself is nothing more than "boiler-
plate" of the counts and charges, likely previously used as a template by the Government in other
"J6" Indictments, a far cry from the constitutional rights that an accused is afforded. *See*, ECF
No. 1 p. 3 at docket 1:23-mj-00320**.**

The "J6" incident resulted in hundreds or thousands of arrests and prosecutions—each
defendant with individual constitutional rights including Mr. Heffner. The Government's
Indictment should have been clearer and specific for example, the Indictment is devoid of Mr.
Heffner's alleged breach…east vs. west and his location during the unrest. The "plain" language
of the Indictment requires such notice. There is no good faith exception that applies, the
Government's duty is not lessened because of the magnitude of defendants indicted.

9

*Kolender, Johnson and Begay,* provide(s) a careful analysis of what notice is required by the Government and here the Government has failed. See, generally, *Kolender, Johnson and Begay,* "vagueness" violates constitutional rights.

The requirement of notice and specificity requires the Government to provide notice, through the plain language and statutory construction, to Mr. Heffner. See, *Begay v. United States*, 553 U.S. 137 (2008), failure to do violates the 5th and 6th Amendment Rights.

## IV.     CONCLUSION

WHEREFORE, for all the foregoing reasons the defendant, Brandon Heffner, request this Honorable Court dismiss the Indictment in its entirety pursuant to Fed.R.Crim.P. 12(b)(3)(B).

Respectfully submitted,

*/s/Andres Jalon, Esquire*

_____

Andres Jalon, Esquire (Pro Hac Vice Counsel)
KITAY LAW OFFICES
Telephone: (610) 373-8000
Facsimile: (484) 350-3200
Email: ajalon@kitaylegal.com
COUNSEL FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on October 10, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

> **Cytheria Jernigan, Assistant U.S. Attorney**
> **Kathryn Bolas, Assistant U.S. Attorney**
> **U.S. Attorney's Office for the District of Columbia**
> **555 Fourth Street, NW**
> **Washington, DC 20530**

/s/ *Andres Jalon, Esquire*

_____

Andres Jalon, Esquire (Pro Hac Vice Counsel)
KITAY LAW OFFICES
Telephone: (610) 373-8000
Facsimile: (484) 350-3200
Email: ajalon@kitaylegal.com
COUNSEL FOR DEFENDANT