UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                      ) | Case No. 1:24-cr-00260-APM |
| ) | |
| BRANDON HEFFNER                            ) | |
| ) | |
| *Defendant*                               ) | |

### DEFENDANT'S MOTION TO STAY
### THE PROCEEDINGS PENDING THE APPOINTMENT OF THE TRUMP
### ADMINISTRATION'S UNITED STATES ATTORNEY

AND NOW comes Defendant, Brandon Hefner, by and through his counsel, Andres Jalon, who seeks to STAY the above criminal proceedings.

### Procedural History

Defendant was charged by way of Indictment on or about May 29, 2024. Defendant has allegedly violated, *inter alia*, 18 U.S.C. Section 1752(a)(2) and 18 U.S.C. 5104(e)(2)(D) for disorderly and disruptive conduct in a restrictive building or grounds and disorderly conduct in a capitol building.

### Factual History

On or about November 28, 2023, a Special Agent with the Federal Bureau of Investigation submitted a criminal complaint and arrest warrant for Defendant. The instant case arises out of events that occurred on January 6, 2021.

On November 6, 2024, former president and now President Elect Donald Trump won the election and defeated Vice-President Kamala Harris. In the Washington Post, earlier today, President Elect Trump has vowed in several public and new statements to not prosecute non-

violent J6 defendants and to grant pardons to convicted J6 defendants. The granting of pardons of convicted J6 defendants placed into question the current J6 prosecutions. See also, Trumps comments made on January 31, 2024, presented to CNN. The list is exhaustive as to a clear policy of pardon and withdrawal for some J6 defendants on a case-by-case basis.

## ARGUMENT

In United States vs. Spencer, the Court laid out the necessary standard applicable to a District Court's consideration of delaying proceedings:

> …"the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 880, 118 S. Ct. 1761, 140 L. Ed. 2d 1070 (1998) (quoting Landis v. North American Co., 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936)); see also Clinton v. Jones, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997). Moreover, a party requesting a stay of proceedings "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." Landis, 299 U.S. at 255.
>
> Other courts in this district have looked to four factors to guide consideration of whether to grant a stay in this situation--i.e., pending the Supreme Court's resolution of Fischer. See, e.g., Mem. Op., United States v. Carnell, No. 23-cr-139 (D.D.C. Jan. 4, 2024) (BAH), ECF No. 75 at 2. Those are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 2-3 (citing Nken v. Holder, 556 U.S. 418, 433-34, 129 S. Ct. 1749, 173 L. Ed. 2d 550, (2009)). "When the defendant is the government, factors (3) and (4) merge." Zukerman v. U.S. Postal Serv., 64 F.4th 1354, 1364, 460 U.S. App. D.C. 378 (D.C. Cir. 2023) (citing Nken, 556 U.S. at 435).

If Brandon Heffner is not granted a stay by this Honorable Court he must proceed to trial and he may suffer the harm of a conviction.

That same conviction will likely be overturned by pardon, consistent with the Trump Administration's policy and the public interest clearly lies with not prosecuting individuals who the new administration has no intention of prosecuting or punishing. Moreover, judicial

economy is best served to allow the defendant to petition for a withdrawal of prosecution rather than be convicted and then seek a pardon. Defendant, Brandon Heffner is a non-violent defendant charged with J6 criminal activity and falls squarely with the incomings administration of the type of case that will be withdrawn. It should be noted the incoming administration is reviewing on a case-by-case basis focusing on non-violent J6 defendants.

The connection between Defendant and the violence that occurred on January 6, 2021, is tenuous at best and Brandon Heffner believes that the new administration, upon review of his case and application for a withdrawal of prosecution is likely to be granted.

WHEREFORE, for all the foregoing reasons, defendant Brandon Heffner requests this honorable district court grant his stay until he can have his case reviewed by the USDOJ and determined whether prosecution will be withdrawn.

                                                   Respectfully submitted,

Date:   11/7/2024                            ***/s/ Andres Jalon, Esq.***
                                                     Andres Jalon, Esq.
                                                     Kitay Law Offices
                                                     1258 Penn Avenue
                                                   Wyomissing, Pennsylvania 19610
                                                   I.D. No. 83685
                                                   ajalon@kitaylegal.com
                                                   Ph: 610- 373-8000

## **CERTIFICATE OF SERVICE**

I certify that on the date indicated below, I caused a true and correct copy of Brandon Heffner's Motion to Stay and Incorporated Memorandum of Law to be filed electronically via the ECF system. The same are available for downloading. The same were additionally served via electronic mail upon the following:

> **Cytheria Jernigan, Assistant U.S. Attorney**
> **Kathryn Bolas, Assistant U.S. Attorney**
> **U.S. Attorney's Office for the District of Columbia**
> **555 Fourth Street, NW**
> **Washington, DC 20530**

/s/ *Andres Jalon, Esquire*

Andres Jalon, Esquire (Pro Hac Vice Counsel)
KITAY LAW OFFICES
Telephone: (610) 373-8000
Facsimile: (484) 350-3200
Email: ajalon@kitaylegal.com
COUNSEL FOR DEFENDANT